IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

United States of America,

    Plaintiff,

v.                                                                 Crim. No. 2:21-mj-01567 GBW

Miguel Morales-Quinones,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came before the Court for a hearing on Defendant Miguel Morales-Quinones's appeal of detention. Upon consideration of the briefing, testimony, and arguments, the Court will uphold the Order of Detention filed by Judge Gregory B. Wormuth on October 29, 2021. ECF No. 12.

## **LEGAL STANDARD**

The Bail Reform Act "establishes a two-step process for detaining an individual before trial." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017) (per curiam). At step one, the court must decide the "threshold" question whether 18 U.S.C. § 3142(f) authorizes detention, *id.* at 1337, such as where the "case . . . involves . . . a serious risk that [the defendant] will flee," § 3142(f)(2)(A).

"If the court determines that there is such a risk, the government must prove at the second step" that no "'condition or combination of conditions' . . . 'will reasonably assure the [defendant's] appearance . . . as required [as well as] the safety of any other person and the community.'" *Ailon-Ailon*, 875 F.3d at 1336 (quoting § 3142(f)). Section 3142(g) sets forth the factors a court must consider in making this step-two determination:

> (1) the nature and circumstances of the offense charged . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

§ 3142(g).

The government bears the burden of proving that no set of conditions can reasonably assure a defendant's appearance by a preponderance of the evidence. *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). If the court so finds, it "shall order the detention of the [defendant] before trial." § 3142(e)(1).

## DISCUSSION

The government did not contend Defendant represented a danger to the community; instead, it relied solely on the risk he would fail to appear under any conditions. *See* § 3142(f)(2)(A). At step one of the analysis, the Court finds that this case involves a serious risk that Defendant will flee and thus detention is authorized under § 3142(f). The Court makes such finding due to the nature of the criminal charges in this case and Defendant's history with similar convictions.

As to step two of the analysis, the Court has considered the factors and finds that no condition or combination of conditions will reasonably assure Defendant's appearance. The first factor, the nature and circumstances of the offense charged, weighs in favor of

pretrial detention. Defendant is charged with illegal reentry because he was apprehended by Border Patrol near Santa Teresa, New Mexico. *See* ECF No. 1. The Court agrees with the Government that the nature of the criminal charge, combined with the district's proximity to Mexico, increases the possibility that Defendant would flee.

The second factor, the weight of the evidence against Defendant, also weighs in favor of detention. The evidence shows that Defendant is a citizen of Mexico, does not have documentation to remain in the United States, and was previously deported. ECF No. 8 at 2. The Court would be concerned if the Government's evidence was found solely in the Complaint. However, in this case, Defendant admitted to several facts in an interview with Pretrial Services. *Id.* at 1–2.

The third factor, the history and characteristics of the person, also weighs in favor of detention. Defendant's criminal history includes one conviction of "Menacing (use of a Deadly Weapon)" in 1995 and one for "Third Degree Assault" in 1996. ECF No. 8 at 5–6. Defendant was sentenced to probation, but that was later revoked. *Id.* Moreover, Defendant has strong ties to Mexico, including a brother currently residing in Juarez, whom Defendant has lived with since 2018. *See* ECF No. 17 at 2 (clerk's minutes).

Furthermore, at the hearing, testimony of proposed third-party custodian, Ms. Cooper, did not convince the Court that conditions of release would reasonably assure Defendant's appearance. Ms. Cooper lives in Houston, Texas. Defendant has no ties to Houston other than Ms. Cooper, who testified that she spoke with him around 3-4 times since he had been living in Juarez in 2018. Ms. Cooper also testified that Defendant had property in Kansas and therefore planned to have Defendant live in Kansas. *Id.*

Ms. Cooper additionally indicated that she may be willing to pay a $50,000 bond but seemed hesitant or confused when asked to confirm that it would be cash.

The fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, weighs in favor of Defendant. However, the Government has only argued that Defendant is a serious flight risk and has conceded that this factor weighs in favor of release. Because the Court finds that Defendant poses a serious risk of flight, this fourth factor does not overcome the weight of the first three factors.

**IT IS THEREFORE ORDERED** that Defendant's appeal of detention is **DENIED** and that Defendant remain in the custody of the United States Marshal pending trial.

**IT IS SO ORDERED.**

_Margaret Strickland_
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE